# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JAMES GARST,

        Plaintiff,

v.

NANCY A. BERRYHILL,
Acting Commissioner of Social Security,

        Defendant.

3:16-cv-00495-MMD-VPC

**REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE**

This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4. Before the court is plaintiff's motion for reversal and/or remand (ECF No. 9), and defendant's cross-motion to affirm (ECF No. 15). For the reasons set forth herein, the court recommends that plaintiff's motion be denied, and defendant's cross-motion be granted.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

On January 5, 2013, James Garst ("plaintiff") protectively filed for Social Security Disability Insurance ("SSDI") benefits under Title II of the Social Security Act, alleging a disability onset date of June 20, 2012. (Administrative Record ("AR") 14, 156–67.) The Social Security Administration denied plaintiff's application in the first instance on September 30, 2013, and upon reconsideration on March 12, 2014. (*Id.* at 88–91, 94–99.)

On February 11, 2015, plaintiff and his attorney appeared for a video hearing before Administrative Law Judge ("ALJ") Christopher Inama. (*Id.* at 30–55.) Robin Generaux, a vocational expert ("VE"), also appeared at the hearing. (*Id.*) The ALJ issued a written decision on April 3, 2015, finding that plaintiff had not been disabled at any time between the alleged onset date and the date of the decision. (*Id.* at 11–22.) Plaintiff appealed, and the Appeals Council denied review on August 4, 2016. (*Id.* at 1–7.) Accordingly, the ALJ's decision became

the final decision of the Commissioner ("defendant"). Having exhausted all administrative remedies, plaintiff filed a complaint for judicial review on August 22, 2016. (ECF No. 1.)

## II. STANDARD OF REVIEW

The initial burden of proof to establish disability in a claim for SSDI benefits rests upon the claimant. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). To satisfy this burden, the claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A).

This court has jurisdiction to review an ALJ's decision to deny a claim for benefits after the claimant has exhausted all administrative remedies. *See Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1161–62 (9th Cir. 2012). The court must affirm the ALJ's decision unless it rests on legal error or is unsupported by substantial evidence in the administrative record. *Garrison v. Colvin*, 759 F.3d 995, 1009 (9th Cir. 2014); *see also* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."). The substantial evidence standard is not onerous. It is "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Hill v. Astrue*, 698 F.3d 1153, 1159 (9th Cir. 2012) (internal quotation omitted).

Although the ALJ need not discuss every piece of evidence in the record, she cannot ignore or omit evidence that is significant or probative. *Hiler v. Astrue*, 687 F.3d 1208, 1212 (9th Cir. 2012). The ALJ's discussion must adequately explain the decision in light of such evidence. "The ALJ, not the district court, is required to provide specific reasons for rejecting [the evidence.]" *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006) (specifically discussing rejection of lay testimony). The district court's review is thus constrained to the reasons asserted by the ALJ. *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003).

To determine whether substantial evidence exists, the court must look at the record as a whole, considering both evidence that supports and undermines the ALJ's decision; it "may not affirm simply by isolating a specific quantum of supporting evidence." *Robbins v. Soc. Sec.*

*Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (internal quotation omitted). Where "the evidence is susceptible of more than one rational interpretation, the decision of the ALJ must be upheld." *Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007) (internal quotation omitted). The ALJ alone is responsible for determining credibility and resolving ambiguities. *Garrison*, 759 F.3d at 1010.

## III. DISCUSSION

### A. SSDI claims are evaluated under a five-step sequential process.

The Commissioner follows a five-step sequential process for determining whether a claimant is "disabled" for the purposes of SSDI. 20 C.F.R. § 404.1520(a)(4); *see also Barnhart v. Thomas*, 540 U.S. 20, 24 (2003). Step one directs the ALJ to determine whether the claimant is engaged in "substantial gainful activity." 20 C.F.R. § 404.1520(a)(4)(i). If so, the claimant is not disabled and the Commissioner denies the claim. *Id.* § 404.1520(b).

The second step requires the ALJ to determine whether the claimant's medically determinable impairment is "severe." *Id.* § 404.1520(a)(4)(ii). "Severe" impairments are those that significantly limit the claimant's physical or mental ability to do basic work activities. *Id.* § 404.1520(c). The Commissioner will deny the claim if the claimant lacks a severe impairment or combination of impairments. *Id.*

At step three, the claimant's impairment is compared to those listed in the Social Security Regulations at 20 C.F.R. Pt. 404, Subpart P, Appendix 1. *Id*. § 404.1520(a)(4)(iii). The list in Appendix 1 "define[s] impairments that would prevent an adult, regardless of his [or her] age, education, or work experience, from performing *any* gainful activity, not just substantial gainful activity." *Sullivan v. Zebley*, 493 U.S. 521, 532 (1990) (internal quotation omitted) (emphasis in original). Where the claimant's impairment is on the list, or is equivalent to a listed impairment, and the claimant also meets the corresponding durational requirement, the claimant is deemed disabled. 20 C.F.R. § 404.1520(d). However, for an impairment to match a listing, "it must meet *all* of the specified medical criteria. An impairment that manifests only some of those criteria, no matter how severely, does not qualify." *Zebley*, 493 U.S. at 530 (emphasis in original).

If the Commissioner does not find disability at step three, review of the claim proceeds to step four. There, the ALJ considers whether the claimant can perform past relevant work despite

the severe impairment. 20 C.F.R. § 404.1520(a)(4)(iv). If so, the claimant is not disabled. *Id*. § 404.1520(e). The ALJ will find that the claimant can return to past relevant work if he or she can perform the "actual functional demands and job duties of a particular past relevant job" or the "functional demands and job duties of the [past] occupation as generally required by employers throughout the national economy." *Pinto v. Massanari*, 249 F.3d 840, 845 (9th Cir. 2001) (internal quotation omitted).

In making the step four determination, the ALJ considers the claimant's RFC and the physical and mental demands of the work previously performed. 20 C.F.R. § 404.1520(f); *see also Berry v. Astrue*, 622 F.3d 1228, 1231 (9th Cir. 2010). The RFC is the most the claimant can do despite his or her limitations. 20 C.F.R. § 404.1545(a)(1). To determine the claimant's RFC, the ALJ must assess all the evidence, including medical reports and descriptions by the claimant and others of the claimant's relevant limitations. *See id*. § 404.1545(a)(3). The ALJ is not, however, required to accept as true every allegation the claimant offers regarding his or her limitations. *Orn v. Astrue*, 495 F.3d 625, 635 (9th Cir. 2007). The ALJ must follow a two-prong inquiry where the claimant alleges subjective pain or symptoms. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035–36 (9th Cir. 2007); *see also* SSR 96-7p, 61 Fed. Reg. 34483 (July 2, 1996). First, the ALJ determines "whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Lingenfelter*, 504 F.3d at 1036 (internal quotation omitted). Second, if the first prong is met and no evidence suggests that the claimant is a malingerer, the ALJ may reject the claimant's allegations only by articulating "clear and convincing" reasons for doing so. *Id*.

The "clear and convincing" standard is the most demanding standard in Social Security case law, *Garrison*, 759 F.3d at 1015, and it requires the ALJ to "specifically identify the testimony she or he finds not to be credible and [to] explain what evidence undermines the testimony," *Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001). The ALJ must therefore cite to the record and discuss specific evidence therein. *See Vasquez v. Astrue*, 572 F.3d 586, 591–92, 592 n.1 (9th Cir. 2008); *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). The ALJ may consider a variety of factors in weighing a claimant's credibility, including inconsistencies in

a claimant's testimony, his or her reputation for truthfulness, an inadequately explained failure to seek treatment, or a lack of support from the medical evidence. 20 C.F.R. § 404.1529(c); *Orn*, 495 F.3d at 636. The focus, however, is ultimately upon the reviewing court. The credibility determination must be "'sufficiently specific to allow a reviewing court to conclude the ALJ rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit the claimant's testimony.'" *Moisa v. Barnhart*, 367 F.3d 882, 885 (9th Cir. 2004) (quoting *Rollins v. Massanari*, 261 F.3d 853, 856–57 (9th Cir. 2001)).

If step four demonstrates that the claimant cannot do the work he or she did in the past, the burden shifts to the Commissioner to establish, in step five, that the claimant can perform jobs available in the national economy. 20 C.F.R. § 404.1560(c). There, the ALJ must consider the claimant's RFC, age, education, and past work experience to determine whether the claimant can do other work. *Bowen v. Yuckert*, 482 U.S. 137, 142 (1987); *Hoopai v. Astrue*, 499 F.3d 1071, 1075 (9th Cir. 2007). The ALJ will typically reference "the grids," under which a finding of disability may be directed, and also consider the testimony of a VE. *Tackett v. Apfel*, 180 F.3d 1094, 1101 (9th Cir. 1999). Where the grids do not direct a finding of disability, the ALJ must identify other jobs that the claimant can perform and which are available in significant numbers in the claimant's region or in several regions of the United States. 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. § 404.1560(c). If the ALJ establishes that the claimant's RFC and transferable skills allow him or her to perform other occupations, the claimant is not disabled. 20 C.F.R. § 404.1566. Conversely, if the ALJ concludes that the claimant cannot adjust to any other work, he or she is disabled and entitled to benefits. *Id*. § 404.1520(g).

**B.     The ALJ followed the five-step process and concluded that plaintiff was not disabled.**

In reviewing plaintiff's claims for benefits, the ALJ followed the five-step process described above. The ALJ first determined that plaintiff had not engaged in substantial gainful activity since, June 20, 2012, the alleged onset date. (AR 16.) At step two, the ALJ found that plaintiff's history of reconstructive surgery on the bilateral hip, diabetes mellitus, type II, insulin dependent, obesity, and peripheral neuropathy were severe impairments that significantly limited his ability to perform basic-work related functions. (*Id.* at 16–17.) The ALJ considered evidence

of other complaints and diagnoses, including but not limited to, cold symptoms, low back pain, loss of visual acuity, prostate pain, high cholesterol, bronchitis, and hypertension, but found those to be non-severe. (*Id.*) At step three, the ALJ concluded that plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of any listed impairment. (*Id.* at 17–18.)

The ALJ proceeded to step four and made several findings. To begin, the ALJ concluded that plaintiff had the RFC to perform light work, but with some limitations. (*Id.* at 18.) For example, that he can occasionally climb ramps and stairs; can never climb ladders, ropes, and scaffolds; can occasionally balance and stoop; and can never kneel, crouch, or crawl; with no manipulative limits. (*Id.*) The ALJ also found that he should avoid all exposure to hazards at unprotected heights or dangerous machinery. (*Id.*) Finally, that plaintiff can perform work from a sit or stand position, can stand and walk only two hours in an eight-hour day, and only have frequent foot controls with the bilateral lower extremities. (*Id.*) Next, the ALJ found that plaintiff's impairments could be expected to cause the symptoms alleged, but that his statements regarding the intensity, persistence, and limiting effects of those symptoms were not entirely credible. (*Id.* at 18–21.) In reaching this conclusion, the ALJ reviewed and discussed the objective medical evidence, medical opinions, and factors weighing against plaintiff's credibility. (*Id.*) Finally, based on the evidence in the record and the testimony of the VE, the ALJ concluded that plaintiff was capable of performing his past relevant work as a sales person, and as an insurance salesperson, if his RFC were sedentary. (*Id.* at 21–22.)

A claimant is deemed not disabled at step four if capable of performing past relevant work. 20 C.F.R. § 416.960(b)(3). Thus, having found that plaintiff could perform his past work, the ALJ held that he was not disabled and denied his claim for benefits. (AR 22.)

**C.     The Appeals Council properly considered "new evidence" presented by Dr. Smith.**

First, plaintiff contends that the Appeals Council erred by according no weight to new medical opinion evidence presented to it. (ECF No. 9 at 12–13.) Defendant maintains that the Appeals Council properly assessed the opinion of plaintiff's treating physician, Dr. Kathleen Smith, and found that the evidence did "not provide a basis for changing the Administrative Law

Judge's decision." (ECF No. 15 at 4 (citing AR 2, 5–6, 409–10).)

"[W]hen a claimant submits evidence for the first time to the Appeals Council, which considers that evidence in denying review of the ALJ's decision, the new evidence is part of the administrative record, which the district court must consider in determining whether the Commissioner's decision is supported by substantial evidence." *Brewes*, 682 F.3d at 1159-60. Although this court may recommend remand for consideration of new evidence, remand is proper only where the evidence is material and "there is good cause for the failure to incorporate such evidence into the record at prior proceeding." 42 U.S.C. § 405(g). Evidence is considered sufficiently material to require remand, "only where there is a *reasonable possibility* that the new evidence would have changed the outcome of the [Commissioner's] determination had it been before him." *Booz v. Secretary of Health & Human Servs.,* 734 F.2d 1378, 1380 (9th Cir. 1984) (emphasis in original) (citations omitted); *see also* 42 U.S.C. § 405(g). Further, to demonstrate good cause, the plaintiff must demonstrate that the new evidence was unavailable earlier. *Mayes v. Massanari*, 276 F.3d 453, 463 (9th Cir. 2001) (citing *Key v. Heckler,* 754 F.2d 1545, 1551 (9th Cir. 1985) ("If new information surfaces after the Secretary's final decision and the claimant could not have obtained that evidence at the time of the administrative proceeding, the good cause requirement is satisfied"); *Sanchez v. Secretary of Health & Human Servs.,* 812 F.2d 509, 512 (9th Cir. 1987) (holding that the applicant lacked good cause to remand for consideration of two psychological examinations prepared after the applicant's disability determination when his attorney knew of the applicant's memory loss but failed to explain why the applicant had not requested a mental evaluation or pressed his mental impairment claim at the hearing before the ALJ)).

The new evidence plaintiff submitted to the Appeals Council is a two-page, check-box form submitted by plaintiff's treating physician, Dr. Smith, entitled: "Medical Source Statement of Ability to Do Work Related Activities (physical)." (AR 409–410.) The medical source statement covers the period of June 2013 to June 10, 2015. (*Id.*) Plaintiff has not shown that the new evidence is sufficiently material to require remand. The information contained in the check-box form, such as plaintiff's complaints of chronic back, hip, and leg pain, was fully addressed by

the ALJ in his decision. Importantly, the ALJ gave specific and legitimate reasons for finding plaintiff's complaints not fully credible, therefore, it is unlikely the ALJ's decision would have been affected by the "new evidence." Further, plaintiff offers no explanation as to why he did not seek to have Dr. Smith's medical source statement admitted into evidence *before* his hearing with the ALJ. Certainly the information contained in the medical source statement should have been available to plaintiff before his hearing with the ALJ, as it specifically relates to a time period well before the hearing. The good cause requirement is not met "by merely obtaining a more favorable report once his or her claim has been denied." *Mayes*, 276 F.3d at 463. Thus, plaintiff has not shown good cause exists for failing to present the medical evidence sooner. Accordingly, the Appeal Council properly considered the "new evidence" presented and remand is not warranted.

**D. The ALJ's error in addressing the State agency medical consultants' opinions was harmless.**

Second, plaintiff argues that the ALJ committed reversible error by failing to fully address and distinguish the opinions of the State agency medical consultants and consultative examiner. (ECF No. 9 at 14–17.) Defendants assert that the ALJ properly addressed the medical opinions of record. (ECF No. 15 at 6–11.)

The State agency medical consultants examined plaintiff on September 30, 2013 and March 11, 2014, respectively. (AR at 56-67, 70–82.) The ALJ described the doctors' findings as follows:

> State agency doctors at the initial and reconsideration level opined that the claimant could perform light work and occasionally climb ramps and stairs, balance, stoop and crawl and never climb ladders, ropes and scaffolds and crouch. The claimant should avoid all exposure to hazards (Exhibits 1A/4A). These opinions are given significant weight, as they are consistent with the medical records that have shown mild findings. In addition, the claimant is able to go shopping and drive a car every other day. (Hearing testimony; Exhibit 2F/Pages 31-32; 35). Therefore, this opinion is given significant weight.

(*Id.* at 21.)

Plaintiff argues that the ALJ improperly represented that the State agency doctors restricted plaintiff to a light exertional level, when in actuality they opined that he could perform

sedentary work. (ECF No. 9 at 14–15.) It is clear upon review of the State agency doctors' reports that they did in fact opine that plaintiff had the RFC to perform sedentary work. (AR 61–64, 78–79.) However, any error the ALJ committed was harmless.

Courts in the Ninth Circuit "will not reverse the decision of the ALJ for harmless error, which exists when it is clear from the record that the ALJ's error was inconsequential to the ultimate nondisability determination." *Tommasetti*, 533 F.3d at 1038. Consistent with the court's duty to review the ALJ's decision for substantial evidence, the court must exercise caution when relying on the harmless error doctrine. *See Stout*, 454 F.3d at 1054. Only where a reviewing court can "confidently conclude" that no reasonable ALJ would have reached a different determination is the ALJ's error is harmless. *Robbins*, 466 F.3d at 885.

Here, the ALJ asked the VE whether a person of plaintiff's age, education, and RFC would be able to return to plaintiff's past relevant work at either a light or sedentary exertional level. (AR 50–51.) The vocational expert responded that plaintiff could perform past work at either exertional level. (*Id.*) The ALJ relied on the vocational expert's testimony in finding plaintiff not disabled. (*Id.* at 22.) "If a vocational expert's hypothetical does not reflect all of the claimant's limitations, then the expert's testimony has no evidentiary value to support a finding that a claimant can perform jobs in the national economy." *Matthews v. Shalala*, 10 F.3d 678, 681 (9th Cir. 1993). Here, because the VE specifically testified that plaintiff could perform past relevant work at a sedentary exertional level, any error committed by the ALJ in determining plaintiff's RFC is harmless.

**E.     The ALJ afforded proper weight to the consultative examiner's opinion.**

Third, plaintiff argues that the ALJ erred in rejecting the consultative examiner, Dr. Mumford's, opinion in relation to plaintiff's limited ability to sit. (ECF No. 9 at 15.) The ALJ found that Dr. Mumford opined that plaintiff could sit four hours in an eight-hour day and accorded this opinion little weight. (AR at 21.) Plaintiff contends that Dr. Mumford's opinion should have been given more weight than other medical opinions.

Within the administrative record, an ALJ may encounter medical opinions from three types of physicians: treating, examining, and nonexamining. *Garrison*, 759 F.3d at 1012. As a

general rule, the greatest weight is given to a treating physician's opinion, while the opinion of an examining physician is given more weight than that of a nonexamining physician. *Id.* Moreover, a treating physician's opinion that is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [a claimant's] case record," is entitled to controlling weight. 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2); *Ghanim v. Colvin*, 763 F.3d 1154, 1160 (9th Cir. 2014). The ALJ is not, however, bound by the conclusions of any particular physician. The ALJ can reject a treating or examining physician's uncontradicted opinion for "clear and convincing" reasons, or their contradicted opinion for "specific and legitimate reasons," supported by substantial evidence. *Lester v. Chater*, 81 F.3d 821, 830–31 (9th Cir. 1995).

An ALJ provides specific and legitimate reasons by articulating a detailed and thorough summary of the facts and conflicting medical evidence, stating an interpretation thereof, and making findings. *Garrison*, 759 F.3d at 1012. In supporting a decision to accept certain medical opinions over others, the ALJ may cite contradiction, inconsistency with the evidence, and consistency of the accepted opinions with the administrative record as a whole. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008); *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004). However, "[t]he opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician." *Lester*, 81 F.3d at 831.

Dr. Mumford was not a treating physician; he examined plaintiff on just one occasion. (AR 374–380.) An examining physician's opinion is not entitled to controlling weight. *See* 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2). Further, plaintiff ignores the discretion ALJs enjoy in weighing medical opinions; although an examining physician's opinion is generally given more weight than that of a nonexamining physician, the rule is not ironclad. "An ALJ may reject the testimony of an examining, but nontreating physician, in favor of a nonexamining, nontreating physician when he [or she] gives specific, legitimate reasons for doing so, and those reasons are supported by substantial record evidence." *Roberts v. Shalala*, 66 F.3d 179, 184 (9th Cir. 1985).

In short, Dr. Mumford's status as an examining physician, alone, does not mean that his opinion should have been given more weight than the other opinion evidence in the file.

**F.      The ALJ permissibly relied on the VE's testimony in determining plaintiff's RFC.**

Next, plaintiff contends that there is a conflict between his assessed RFC and the DOT's descriptions of the job the VE said he could perform. (ECF No. 9 at 18–20.) Because the ALJ did not inquire into the conflict, and the VE did not explain the basis for her conclusion, the ALJ's reliance on the VE's testimony constitutes reversible error. (*Id.*) In opposition, defendant maintains that the ALJ permissibly relied on the VE's testimony to determine that plaintiff could perform his past relevant work. (ECF No. 15 at 11–14.)

Pursuant to Social Security Ruling[1] ("SSR") 00-4p, the DOT is the Social Security Administration's primary source of information regarding the requirements of work in the national economy. 2000 WL 1898704, at *2 (Dec. 4, 2000). In administrative hearings, however, ALJs will also rely on VEs, who are able to provide additional evidence to help "resolve complex vocational issues." *Id.* VE testimony "generally should be consistent with the occupational information supplied by the DOT," but, where a conflict exists, neither the DOT nor the VE evidence "automatically 'trumps.'" *Id.* Instead, the ALJ has an affirmative duty to resolve the conflict by soliciting "a reasonable explanation" from the VE, and, in light of that explanation, determining whether reliance on the VE testimony rather than the DOT is warranted. *Id.*; *see also Massachi v. Astrue*, 486 F.3d 1149, 1152–54 (9th Cir. 2007). Where the ALJ fails to follow this procedural requirement, the correct course is to remand for further proceedings, unless the ALJ's error was harmless. *See Massachi*, 486 F.3d at 1154, 1154 n.19.

The DOT does not discuss the availability of a sit/stand option for any of its occupations, *McLaughlin v. Colvin*, No. CV 14-9908-PLA, 2015 WL 5567755, at *4 (C.D. Cal. Sept. 22, 2015), and courts within this circuit are split on the effect of its silence, *Henderson v. Colvin*, No. 1:14-cv-01161-LJO-SKO, 2016 WL 145571, at *11 (E.D. Cal. Jan. 12, 2016). Some courts take

---

[1] "Social Security Rulings reflect the official interpretation of the Social Security Administration and are entitled to some deference as long as they are consistent with the Social Security Act and regulations." *Massachi*, 486 F.3d at 1152 n.6 (internal quotation omitted).

the view that a conflict requires two opposing facts, and that, where the DOT is silent as to a particular requirement, VE testimony supplements the more general DOT descriptions. *See, e.g., Cortez v. Colvin,* No. 2:13–cv–01496–APG–VCF, 2014 WL 3734308, at *2 (D. Nev. July 28, 2014). Others reach the opposite conclusion, either due to the particular facts of the case, *see, e.g.*, *McLaughlin*, 2015 WL 5567755, at *5 (finding a conflict with the DOT where the claimant was capable of just sedentary work, required a sit/stand option as needed, and used a cane to stand or walk); *McCabe v. Colvin*, No. 3:14–cv–00396–LRH, 2015 WL 4740509, at *12 (D. Nev. Aug. 10, 2015) (finding a conflict between a telephone quotation clerk job, described in the DOT as sedentary work, and the need for a sit/stand option), or as a more general principle, *see Valenzuela v. Astrue*, No. C 08–04001 WHA, 2009 WL 1537876, at *4 (N.D. Cal. June 2, 2009) ("[A] conflict may exist even if VE testimony did not directly contradict DOT information. Any potential inconsistency . . . is sufficient to warrant inquiry.").

Defendant argues that the absence of discussion of a sit/stand option is exactly why ALJ's rely on VEs to supplement this information. (ECF No. 15 at 11.) Plaintiff argues that, in spite of this, the ALJ never asked the VE about any potential conflicts, so reliance upon the VE is insufficient. However, at the hearing, plaintiff's counsel failed to questioned the VE about the supposed conflict regarding the sit/stand option. (AR 50–52.) "[W]hen claimants are represented by counsel, they must raise all issues and evidence at their administrative hearings in order to preserve them on appeal." *See Meanel v. Apfel*, 172 F.3d 1111, 1115 (9th Cir. 1999). If plaintiff's counsel believed a conflict existed, he had the opportunity to ask the VE about it at the administrative hearing, and failed to do so. Accordingly, it was reasonable for the ALJ to rely on the VE's experience as well as the information provided regarding past relevant work available with the sit/stand option to explain the basis for any potential discrepancy between the sit/stand option and the DOT description of the jobs identified. If there was a conflict, and therefore an error, it was harmless because the vocational expert provided sufficient support to justify deviation from the DOT. *Massachi,* at 1154, n. 19.

**G.     The ALJ permissibly discounted plaintiff's subjective testimony.**

Finally, plaintiff argues that the ALJ erred in failing to properly evaluate his subjective complaints. (ECF No. 9 at 20–23.) The ALJ articulated five main reasons for discounting plaintiff's subjective complaints: (1) the objective evidence in the record did not support plaintiff's complaints; (2) plaintiff's impairments were well controlled with treatment; (3) the conservative nature of his treatment; (4) plaintiff's non-compliance with doctor's orders regarding diet, taking medication, and seeing a specialist; and (5) extent of plaintiff's daily activities. (*See* AR 16–21). Specifically, plaintiff disagrees with the ALJ's finding that plaintiff had been non-compliant with his prescribed medication. (ECF No. 9 at 20–23.)

Plaintiff's failure to follow the prescribed course of treatment supports the ALJ's finding that he was not fully credible. The record demonstrates that plaintiff failed to follow doctor's orders on numerous occasions. (*See e.g.*, AR 321, 398.) Further, plaintiff only argues that one of the five reasons given by the ALJ in relation to plaintiff's credibility was not supported by substantial evidence. Thus, even if this court found that the ALJ committed error as to this factor, any error is harmless as it "does not negate the validity of the ALJ's ultimate conclusion that [plaintiff] was not credible." *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1197 (9th Cir. 2004). Accordingly, because the ALJ's credibility finding is supported by substantial evidence, remand is not warranted.

## IV.     CONCLUSION

For the reasons articulated above, the court recommends that plaintiff's motion for remand (ECF No. 9) be denied and that defendant's cross-motion to affirm (ECF No. 15) be granted.

1.     Pursuant to 28 U.S.C. § 636(b)(1)(c) and Local Rule IB 3-2, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

## V. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that plaintiff's motion for remand or reversal (ECF No. 9) be **DENIED** and defendant's cross-motion to affirm (ECF No. 15) be **GRANTED**;

**IT IS FURTHER RECOMMENDED** that the Clerk **ENTER JUDGMENT** and close this case.

**DATED**: August 1, 2017.

_____
**UNITED STATES MAGISTRATE JUDGE**